

1540 Broadway
23rd Floor
New York, NY 10036

646.927.5500 main
646.927.5599 fax

August T. Horvath
646-927-5544

February 23, 2020

**Via ECF**

Honorable Louis L. Stanton, U.S.D.J.
U.S. District Court for the Southern District of New York
500 Pearl Street, Courtroom 21C
New York, NY 10007

    Re:    *Steele v. Wegmans Food Markets, Inc.*, Case No. 1:19-cv-9227-LLS

Dear Judge Stanton:

    We represent defendant Wegmans Food Markets, Inc., which intends to move to dismiss the Complaint in this matter. We write to request a pre-motion conference regarding Wegmans' intended motion. While we are aware that the Court's individual rules exempt motions to dismiss in lieu of an answer from the general requirement for pre-motion conferences, we believe that such a conference would serve the interests of judicial and party efficiency in this instance. In our extensive dealings with Plaintiffs' counsel in other cases, we have found that they invariably respond to an initial motion to dismiss or pre-motion conference request by amending their complaint, rather than opposing the motion. This is their right under Fed. R. Civ. P. 15(b), but it has the effect of mooting the initially filed moving brief and requiring the resetting of any briefing schedule that has been ordered, and then the preparation of a second motion to dismiss the amended complaint. Rather than having to file a full brief at this stage, only to have it mooted, Wegmans respectfully requests: (1) that the Court grant Wegmans' request for a pre-motion conference; (2) that the Court deem Wegmans to have served a responsive pleading as of today, activating Plaintiffs' Rule 15(b) right to amend their Complaint; and (3) that the Court set a briefing schedule taking into account that Plaintiffs are expected to amend their Complaint. If Plaintiffs, counter to their usual practice, do not elect to amend their Complaint, then Wegmans requests an extension of time through Friday, February 28, to file a full motion and brief. The grounds for Wegmans' intended motion are summarized below.

**I.   Plaintiffs' Claims Are Preempted by the Food, Drug & Cosmetics Act**

    The right to enforce the Food, Drug & Cosmetics Act (FDCA) rests exclusively with the Food and Drug Administration. *See* 21 U.S.C. § 337(a); *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997) (there can be no private cause of action if a plaintiff's "true goal is to privately enforce alleged violations of the FDCA"); *Verzani v. Costco Wholesale Corp.*, No. 09-cv-2117, 2010 WL 3911499 (S.D.N.Y. Sept. 28, 2010) ("The FDCA lacks a private right of action and therefore [a plaintiff] cannot rely on it for purposes of asserting a state-law consumer claim under G.B.L. § 349"), *aff'd*, 432 Fed. Appx. 29 (2d Cir. 2011). There could not be a better example than this Complaint of a case where "a plaintiff's true purpose is to enforce

Honorable Louis L. Stanton, U.S.D.J.
February 23, 2020
Page 2

federal regulations, masquerading as a state-law claim." *In re Trader Joe's Tuna Litig.*, 289 F. Supp. 3d 1074, 1086 (S.D. Cal. 2017) (dismissing New York G.B.L. §§ 349-350 claims). The vast majority of the Complaint consists of an extensive, though flawed, discussion of the FDCA and its regulations, with no fewer than 49 citations to the relevant parts of the Code of Federal Regulations. Conclusory allegations aside, no basis other than FDCA non-compliance is alleged for any deception in the labeling of Wegmans' private label ice cream products.

Plaintiffs' takeaway from dozens of pages of discussion of FDA regulations is that just one phrase on the label of Wegmans' products "vanilla ice cream" – is required by FDA regulations to have one word inserted – "flavored" after "vanilla" – based on Plaintiffs' assumptions, again informed by their interpretation of FDA regulations, about the contents of the products. Comp. ¶ 32. Plaintiffs' FDCA analysis is incorrect, but that is beside the point. The preemption provisions of the FDCA were enacted specifically to prevent parties from litigating FDA regulatory compliance under the guise of general, state-law deceptive practices claims, as Plaintiffs seek to do here. Plaintiffs' claims should be dismissed as preempted.

**II.    The "Vanilla" Labeling Is Not Plausibly Deceptive to Reasonable Consumers**

To prove conduct is materially misleading as required under General Business Law §§ 349 and 350, a plaintiff must demonstrate that "a reasonable consumer acting reasonably under the circumstances" would be misled. *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). A court may determine as a matter of law that an allegedly deceptive practice would not have misled a reasonable consumer. *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). Although dismissal of false-advertising cases on this ground was once rare, a recent rash of meritless lawsuits has created a growing body of Rule 12 case law in this Circuit dismissing challenges to advertising claims because they would not deceive reasonable consumers. *See, e.g., Sarr v. BEF Foods*, No. 18-cv-6409-ARR, 2020 U.S. Dist. LEXIS 25594 (E.D.N.Y. Feb. 13, 2020) (dismissing case against a food label because it would not communicate a misleading message to a reasonable consumer); *Campbell-Clark v. Blue Diamond Growers*, No. 1:18-cv-5577-WFK (E.D.N.Y. Dec. 17, 2019) (dismissing allegations that packaging for "nut and rice" crackers implicitly overstated their nut content); *Reyes v. Crystal Farms*, No. 18-cv-2250-NGG-RML, 2019 U.S. Dist. LEXIS 125971 at *8-10 (E.D.N.Y. July 26, 2019) (dismissing case against a claim of "made with real butter" on mashed potato product because it would not communicate the absence of margarine to a reasonable consumer); *Davis v. Hain Celestial Group, Inc.*, 297 F. Supp. 3d 297, 334 (E.D.N.Y. 2018) (dismissing claim against a claim of "cold-pressed" juice because it would not communicate to a reasonable consumer that no processing after pressing had taken place).

Plaintiffs' claim that the omission of one word in one phrase has a dramatic impact on consumer perceptions of the ingredients of the product, irrespective of what other claims and disclosures appear on the product packing, is wholly implausible, when divorced from their incorrect and preempted FDCA arguments. There is no plausible basis to believe that the phrase "vanilla ice cream" is perceived by consumers to make the extreme ingredient claims that Plaintiffs ascribe to it, and none is pled. No reasonable consumer would interpret the products' flavor designator as identifying the exclusive botanical source of all flavoring in the products. Plaintiffs also allege no plausible basis why a reasonable consumer, otherwise

Honorable Louis L. Stanton, U.S.D.J.
February 23, 2020
Page 3

satisfied with the taste of the ice cream, would care whether the taste comes exclusively from vanilla bean extract or from other natural vanilla flavoring.

In addition, Plaintiffs provide no basis for alleging that any of the vanilla taste in the products comes from any source other than natural vanilla flavor, other than a convoluted and self-contradictory interpretation of the products' ingredient declarations.  The obvious inference from the ice creams' ingredient statement is that the vanilla taste is supplied by natural vanilla flavor and that other flavor elements are supplied by other natural flavorings.

### III.   Plaintiffs Do Not Have Standing to Seek Injunctive Relief

Plaintiffs lack standing to seek preliminary or permanent injunctive relief because they fail to allege any likelihood that they will be deceived in the future by the challenged representations, and thus, fail to demonstrate any likelihood of continuing or future injury.  *See Davis*, 297 F. Supp. 3d at 338-339; *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016).

### IV.   The Elements of Fraud, Negligent Misrepresentation, Warranty, and Unjust Enrichment Are Not Pled or Supported with Factual Allegations

Essential elements of each of Plaintiffs' secondary claims are absent from the facts that they allege.  Their fraud claim should be dismissed because they have not alleged facts that "give rise to a strong inference of fraudulent intent," *Campaniello Imports, Ltd. V. Saporiti Italia S.p.A.*, 117 F.3d 655, 663 (2d Cir. 1997).  Plaintiffs' negligent misrepresentation claim should be dismissed because this cause of action requires a special relationship of trust to exist between the parties, not present in an arm's-length commercial transaction.  *Kimmell v. Schaefer*, 89 N.Y.2d 257, 263 (1996).  Plaintiffs' express warranty claim must be dismissed because no expressly false statement, but only implied misrepresentations, are alleged.  Plaintiffs' claim for breach of implied warranty of merchantability must be dismissed because they do not allege Wegmans ice creams are unfit for their intended purpose.  The unjust enrichment claim should be dismissed because it is duplicative of the false advertising claims, and  an unjust enrichment claim is not available where it merely duplicates a contract or tort claim, which has been held to include GBL false-advertising claims.  *See Reyes,* 2019 U.S. Dist. LEXIS 125971 at *15 (dismissing unjust enrichment claim that was duplicative of GBL claims); *Weisblum*, 88 F. Supp. 3d at 296-97 (same); *Bowring v. Sapporo U.S.A. Inc.*, 234 F. Supp. 3d 386, 392 (E.D.N.Y. 2017) (same).

Respectfully submitted,

August T. Horvath