USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/14/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
QUINCY STEELE and JIMMY ARRIOLA, on
behalf of themselves and all others
others similarly situated,

                Plaintiffs        19 Civ. 9227 (LLS)

    - against -              OPINION & ORDER

WEGMANS FOOD MARKETS, INC.

                Defendants
- - - - - - - - - - - - - - - - - - -X

    In this putative class action, defendant Wegmans Food Markets, Inc. moves to dismiss plaintiffs Quincy Steele and Jimmy Arriola's first amended complaint ("FAC") (Dkt. No. 10) pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b). For the following reasons, the motion (Dkt. No. 13) is granted.

## BACKGROUND

    Plaintiffs sue Wegmans, a grocery store chain and food manufacturer, for claimed deceptive acts or practices in violation of federal, New York, and Pennsylvania statutes and standards, false advertising, common-law negligent misrepresentation, fraud, breach of warranty and unjust enrichment.

    Nevertheless, the case comes down to two decisive questions: did the label on the ice cream container misrepresent the container's contents? and did the elaborate gas

1

chromatography-mass spectrometry analysis plaintiffs' chemists performed show there was fraudulently little vanilla bean extract in the ice cream?

The answers to each of those questions being No, the complaint is dismissed.

A picture included in the FAC of the packaging of the product in question and its ingredient list is below.



Milk, Cream, Corn Syrup, Liquid Sugar, Skim Milk, Buttermilk, Milkfat, Whey, Natural Flavor, Mono- and Diglycerides, Guar Gum, Cellulose Gum, Carrageenan, Dextrose, Annatto (color).

Plaintiffs contend they were deceived by Wegmans to believe that ice cream they bought from Wegmans got its vanilla flavor from vanilla beans or vanilla bean extract, when in fact the ice

2

cream got most of its vanilla flavor from some non-vanilla source. FAC ¶¶ 5, 6 ("Defendant's Product contains non-vanilla flavor, a de minimis amount of vanilla and to the extent it tastes like vanilla, such flavor is contributed by vanillin from non-vanilla sources. The Product is not truthfully or lawfully identified as 'Vanilla Ice Cream' which misleads consumers.").

Plaintiffs' claim that Wegmans' ice cream is flavored by artificial flavors, not natural vanilla flavor, has no factual support, since the test performed does not show that. Plaintiffs' claim that Wegmans' label is misleading under the law requires some explanation, but also fails.

## DISCUSSION

### The Federal and State Statutes

The food, and ice cream, business is closely regulated, in ways described for many pages in the complaint. The primary federal Food Drug and Cosmetic Act deals generally with food, not with flavoring, 21 U.S.C. § 343(g), and its enforcement is left to the federal and State (if the food is located within the State) authorities. There is no private civil right of action for breaches of its provisions. See 21 U.S.C. § 337. The New York Agriculture and Markets Law, which in its ice cream regulations, 1 NYCRR 17.19, adopted the federal ice cream regulations, is also administered by a Commissioner who investigates and may sue for penalties. N.Y. Agric. & Mkts. Law

§ 35. No private civil actions can be inferred; the legislature created such a right of action only when it wished to (N.Y. Agric. & Mkts. Law § 378(3), dealing with tampering with animal research).

Thus, in this private civil action, the extensive discussion and argument in the motion papers with respect to particular federal standards for ice cream flavor descriptions is without consequence. PDK Labs Inc. v. Friedlander, 103 F.3d 1105, 1113 (2d Cir. 1997) (Plaintiff's "dogged insistence that PDK's products are sold without proper FDA approval suggests" his goal is "to privately enforce alleged violations of the FDCA. . . . However, no such private right of action exists.").

The point here is not conformity with this or that standard (which is left to the authorities to regulate) but whether the marketing presentation was deceptive.

The relevant portions of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (73 Penn. Statutes §§ 201-1, 2, 3), like the provisions of New York's General Business Law Sections 349 and 350, are not product standards, but prohibitions of misrepresentations, deceptions and misleading conduct. They, like the common-law false advertising, and fraud issues, turn on the honesty and accuracy of the ice cream container's label, to which we now turn.

4

## The Container Label: Deceptive?

Although they are processed almost simultaneously by the buyer, to analyze the total effect of the messages on the container it is useful to consider them in sequence. The buyer's first desire is for ice cream, and when he is in the frozen food area he must select, from many choices (chocolate, lemon, mint, lime, etc.) the one he wants. Thus the large-type "Vanilla" is of immediate use. Of course he is not looking for a bowl of vanilla, and the next largest words confirm that the container holds ice cream. Those who prefer natural ingredients will note that it has natural vanilla flavor, and no artificial flavors. Evidently there are various natural substances which have a vanilla flavor. Those interested in the actual ingredients can read the list, which mentions neither vanilla beans nor extracts, but they will not learn the components, amounts or proportions of the Natural Flavor[1].

That is where the container's disclosures start, and where they stop. Where is the deception? What is misleading, or misrepresented?

---

[1] In a highly competitive market for consumer taste, ice cream producers seek not just a vanilla ice cream, but a different and better tasting vanilla ice cream than their competitors. To this end, many manufacturers flavor their vanilla ice creams not just with vanilla extract, but with a package of flavorings of which vanilla extract is the predominant, but not the only, flavoring component. These flavoring packages often are carefully developed by specialized flavor suppliers, with their proprietary formulations kept as a trade secret.  Defts' April 20, 2020 brief, p.4.

5

The plaintiffs assume that buyers take it for granted that natural vanilla flavor is wholly or largely derived from vanilla beans, and argue that if the predominant component of the flavoring is not from beans or vanilla extract, the customer is misled. They point to Mantikas v. Kellogg Co., 910 F.3d 633 (2d Cir. 2018) where the Cheez-It crackers box proclaimed WHOLE GRAIN in large type; there was in fact a small amount of whole grain in the crackers, but they were mainly made of less nutritious enriched white flour. This case is different. The Wegmans container does not mention vanilla beans, or bean extract, and even if vanilla or bean extract is not the predominant factor, if the sources of the flavor are natural, not artificial, it is hard to see where there is deception. What is misrepresented? The ice cream is vanilla flavored. The sources of the flavor are natural, not artificial.

In this case, it is conceded that there is vanilla in the product; it is claimed to be de minimis. No objective facts in this respect are pled.

Plaintiffs' authority for that argument is its alleged experts' test.

### The Mass Spectrometry Analysis

The subject-matter of the discussion of plaintiffs' mass spectrometry analysis is four chemical compounds that are present in vanilla beans in small amounts ("marker compounds").

They are vanillin (1.3% to 1.7% present), p-hydroxybenzaldehyde (a tenth of a percent), vanillic acid (a twentieth of a percent), and p-hydroxybenzoic acid (three hundredths of a percent). The latter three proportions are tiny, from 6% to .2% as much as the vanillin.

The analysis of the ice cream picked up vanillin at 0.787 parts per million, and did not detect any of the smaller three markers. Plaintiffs argue this means there is too little vanilla bean extract in the ice cream, and the flavoring must come from non-vanilla bean sources. But that is not a self-evident conclusion.

The fact that the analysis disclosed only the vanillin may simply show that the test was not sensitive enough to detect the markers with smaller profiles in the bean.

The test may just confirm that the vanilla flavor derives solely from vanilla extract.

That is left to speculation. What is needed is to test, not for the universe of the ice cream's contents, but specifically for the presence of the particular chemical markers.

The test performed under plaintiffs' instructions is as inapplicable to this action as are the federal specifications for ice cream flavorings, which are not enforceable by private plaintiffs.

## CONCLUSION

The Amended Complaint does not state a claim of misrepresentation regarding the flavoring of Wegmans Vanilla Ice Cream and is dismissed.

So ordered.

Dated:   July 14, 2020
         New York, New York

							*Louis L. Stanton*
							LOUIS L. STANTON
							U.S.D.J.